# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-1664V

|  |  |
|---|---|
| ALEXIS LYNDON EARLY,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: October 7, 2025 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.*

*Crystal Fialkowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 16, 2024, Alexis Lyndon Early filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – Guillain-Barré Syndrome ("GBS") as a result of her September 14, 2023 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 16, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On October 3, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $135,000.00 for pain and suffering, $599.82 for past unreimbursable expenses, and $252.71 to satisfy the State of Ohio Medicaid lien. Proffer at 2. In the Proffer, Respondent represented that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner**

A.  **A lump sum payment of $135,599.82 (representing $135,000.00 for pain and suffering and $599.82 for past unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

B.  **A lump sum payment of $252.71, representing compensation for satisfaction of the State of Ohio Medicaid lien, in the form of a check payable jointly to Petitioner and:**

**Ohio Tort Recovery Unit
5475 Rings Road Suite 125
Dublin, OH 43017**

**Petitioner agrees to endorse this check to the Ohio Tort Recovery Unit.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

| | |
|---|---|
| ALEXIS LYNDON EARLY, | |
| Petitioner, | No. 24-1664V |
| | Chief Special Master Corcoran |
| v. | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

## PROFFER ON AWARD OF COMPENSATION[1]

On October 16, 2024, Alexis Lyndon Early ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she sustained Guillain-Barré Syndrome ("GBS"), as defined in the Vaccine Injury Table, following the administration of an influenza ("flu") vaccine she received on September 14, 2023. Petition at 1. On May 16, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury. ECF No. 15. On May 16, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 16.

## I.     Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A.      Pain and Suffering

Respondent proffers that petitioner should be awarded **$135,000.00** in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses

related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past

unreimbursable expenses in the amount of **$599.82.**  *See* 42 U.S.C. § 300aa-15(a)(1)(B).

Petitioner agrees.

C.      Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Ohio

Medicaid lien in the amount of **$252.71**, which represents full satisfaction of any right of

subrogation, assignment, claim, lien, or cause of action the State of Ohio may have against any

individual as a result of any Medicaid payments the State of Ohio has made to or on behalf of

petitioner from the date of her eligibility for benefits through the date of judgment in this case as

a result of his vaccine-related injury suffered on or about September 14, 2023.

The above amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.      Form of the Award/Recommended Payments**

The parties recommend that compensation provided to petitioner should be made through

two lump sum payments described below, and request that the Chief Special Master's decision

and the Court's judgment award the following: [2]

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses, future pain and suffering, and future lost wages.

A.  A lump sum payment of **$135,599.82** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Alexis Lyndon Early; and

B.  A lump sum payment of **$252.71**, representing compensation for satisfaction of the State of Ohio Medicaid lien, in the form of a check payable jointly to petitioner and:

Ohio Tort Recovery Unit
5475 Rings Road Suite 125
Dublin, OH 43017

Petitioner agrees to endorse this check to the Ohio Tort Recovery Unit.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Crystal Fialkowski
CRYSTAL FIALKOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 307-0786
Crystal.Fialkowski@usdoj.gov

Date:  October 3, 2025